UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DONNA DAWLEY, individually and Personal Representative of the ESTATE OF CHRISTOPHER J. DAWLEY,<br><br>*Plaintiffs*,<br><br>v.<br><br>META PLATFORMS, INC., formerly known as FACEBOOK, INC., and SNAP, INC.,<br><br>*Defendants*. | Case No. 2:22-cv-00444-JPS |

**MEMORANDUM IN SUPPORT OF PARTIES' JOINT MOTION TO STAY PROCEEDINGS AND CONTINUE RESPONSE DEADLINE**

Plaintiff Donna Dawley, and Defendants Meta Platforms, Inc. ("Meta") and Snap, Inc. ("Snap") (collectively, the "Parties"), jointly request that, in furtherance of judicial economy, the Court stay this action until the resolution of Snap's motion to transfer in a pending proceeding in the District of Oregon, and continue Defendants' response deadline to 30 days following the resolution of that motion.

**I.    INTRODUCTION**

In this lawsuit, Plaintiff Donna Dawley, individually and as personal representative of the Estate of Christopher J. Dawley (collectively, "Dawley"), brings claims against Defendants Snap and Meta alleging that their online applications were addictive and caused various mental health harms to her son, leading to his death by suicide. Defendants take the allegations of the complaint seriously, though deny that they are legally responsible for this tragedy.

1

Dawley's counsel previously filed a complaint against Meta and Snap, on behalf of a different plaintiff, which is pending in the District of Oregon, *Brittney Doffing v. Meta Platforms, Inc. & Snap, Inc.* ("*Doffing*"), No. 1:22-CV-00100-CL, ECF Doc. No. 1 (D. Or. Jan. 20, 2022). In that action, Snap has sought transfer of the entire action to the Central District of California. That motion is fully briefed and set for argument on June 7, 2022. That motion also raises issues similar to ones Snap would raise in this case—including a challenge to personal jurisdiction outside the state of California. Snap also intends to move this Court to transfer this case to the Central District of California, with the consent of Meta.

The Parties have met and conferred and believe that judicial economy is not served by briefing a transfer or Rule 12(b) motion in this Court while a transfer motion raising similar issues is pending in another district court. It is possible that the parties will reach informal agreements as to certain issues depending on the outcome of the *Doffing* motion, which agreement would obviate the need for one or more motions in these proceedings. The Parties therefore ask the Court to stay this matter until resolution of the *Doffing* transfer motion, and to continue Defendants' deadline to answer or otherwise respond to the complaint to 30 days after the transfer motion in *Doffing* is resolved. A stay in this case favors judicial economy, may moot the Parties' need to bring one or more motions here, or at a minimum, will inform the Parties' briefing and may aid this Court in evaluating the merits of any subsequently filed motion. Alternatively, should the Court deny this motion, the Parties request that the Court set Defendants' deadline to answer or otherwise respond to the complaint for 45 days after the Court issues its order on this joint motion.

## II. BACKGROUND

Here and in *Doffing*, the plaintiffs allege that Defendants' apps were addictive and caused mental health injuries to the plaintiffs' minor children.[1] With the exception of a deceptive trade practice claim under Wisconsin law, Plaintiff alleges claims that also appear in the *Doffing* action, for (1) strict products liability (design defect); (2) strict products liability (failure to warn); and (3) negligence.

Snap moved to transfer the *Doffing* case to the Central District of California pursuant to 28 U.S.C. § 1631, on the grounds that the court lacks personal jurisdiction over Snap, and alternatively, that transfer is warranted under 28 U.S.C. § 1404(a). *Doffing*, 1:22-CV-00100-CL, ECF Doc. No. 37 (D. Or. Mar. 14, 2022). Plaintiff opposed that motion arguing that personal jurisdiction was proper and the forum selection clause is not enforceable. That motion is fully briefed and argument will be heard by the *Doffing* court on June 7, 2022. *Id.* at ECF Doc. No. 57.

Plaintiff filed the action before this Court on April 11, 2022. Snap intends to challenge personal jurisdiction and seek transfer of this entire matter to the Central District of California on the same bases that Snap argued in *Doffing*. Meta intends to consent to transfer.

## III. THE COURT SHOULD STAY THIS CASE PENDING RESOLUTION OF THE TRANSFER MOTION IN *DOFFING*

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, (1997).

---

[1] Dawley's counsel has filed another, similar case on behalf of another plaintiff in the Northern District of California, *Rodriguez v. Meta Platforms, Inc., Snap, Inc., TikTok, Inc., & ByteDance, Inc.* ("*Rodriguez*"), No. 3:22-CV-00401-JD, ECF Doc. No. 1 (N.D. Cal. Jan. 20, 2022). Snap has filed a motion to transfer that case to the Central District of California as well, which is pending.

In determining whether a stay is appropriate courts consider whether (1) the litigation is at an early stage; (2) a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) simplify the issues in question and streamline the trial; and (4) reduce the burden of litigation on the parties and on the court. *See Russo Trading Co. v. Donnelly Distribution LLC*, No. 18-CV-1851-JPS, 2019 WL 1493228, at *1 (E.D. Wis. Apr. 4, 2019) (Stadtmueller, J.) (granting parties' joint request for a stay); *Pfizer v. Apotex, Inc.,* 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009); *Out Rage, LLC v. New Archery Prods. Corp.*, No. 11-CV-701-BBC, 2012 WL 12995533, at *2 (W.D. Wis. Apr. 9, 2012). Here, all four factors favor a stay.

### A. The litigation is at an early stage.

In this case, "no dispositive motions have been filed. The nascent status favors a stay." *Out Rage,* 2012 WL 12995533, at *2; *see also* Order Granting Mot. to Stay Proceedings at 2*, Rosenberg v. S.C. Johnson & Son, Inc.*, No. 20-cv-869 (E.D. Wis. Oct. 18, 2021), ECF No. 3.

### B. A stay will not prejudice Dawley because all Parties jointly request this relief.

"Both parties agree that a stay would be beneficial"; as such, there is no prejudice to Plaintiff. *Russo Trading Co.,* 2019 WL 1493228, at *2. Moreover, any attendant delay is likely to be minimal given that the transfer motion in *Doffing* is fully briefed and argument on that motion is set for June 7, 2022.

### C. A stay will simplify the issues and will inform this Court's decision regarding Snap's anticipated motion to transfer venue.

A stay will enable the Parties and this Court to benefit from a decision in *Doffing* that is likely to address some of the same arguments and issues that the Parties anticipate will be briefed in these proceedings, including if Snap files a similar motion contending the Court lacks personal jurisdiction over Snap.

### D. A stay will conserve judicial and party resources.

Staying this action until the transfer motion in *Doffing* is resolved is likely to conserve judicial and party resources since the outcome in that case may inform the Parties' decision to pursue or object to the same types of arguments at issue in *Doffing* in this case. A stay thus may mitigate the need for disputed motion practice as to certain issues.

### IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court stay all proceedings in this action until the *Doffing* transfer motion has been adjudicated, and that Defendants' deadline to answer or otherwise respond to the complaint be continued until 30 days after the court's ruling in *Doffing*. Alternatively, should the Court deny this Motion, Defendants request that the Court set Defendants' deadline to answer or otherwise respond to the complaint for 45 days after the Court issues its order on this motion.

Dated this 5th day of May, 2022.

>  /s/ Matthew J. Splitek
> Matthew J. Splitek
> QUARLES & BRADY, LLP
> 33 E Main St., Unit 900
> Madison, WI 53703
> Tel.: (608) 251-5000
> matthew.splitek@quarles.com
>
> James E. Goldschmidt
> Nathan J. Oesch
> QUARLES & BRADY, LLP
> 411 East Wisconsin Avenue, Suite 2400
> Milwaukee, WI 53202-4426
> Tel.: (414) 277-5000
> james.goldschmidt@quarles.com
> nathan.oesch@quarles.com
>
> *Attorneys for Defendant*
> *Snap, Inc.*

/s/ Phyllis A. Jones
Phyllis A. Jones
COVINGTON & BURLING LLP
One CityCenter, 850 10th Street NW
Washington, D.C. 20001-4956
Tel.: (202) 662-6000
pajones@cov.com

Ashley M. Simonsen
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Tel.: (424) 332-4800
asimonsen@cov.com

Isaac D. Chaput
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
ichaput@cov.com

*Attorneys for Defendant
Meta Platforms, Inc.*

/s/ Matthew Bergman
Matthew Bergman
Laura Marquez-Garrett
SOCIAL MEDIA VICTIMS LAW CENTER
821 Second Avenue, Suite 2100
Seattle, WA 98104
Tel.: (206)741-4862
matt@socialmediavictims.org
laura@socialmediavictims.org

*Attorneys for Plaintiff Donna Dawley*

6